UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Duyen V. Nguyen,

      Petitioner,

    v.                                          Civil Action No. 5:10-CV-129

Office of Detention and Removal,
U.S. Immigration and Customs
Enforcement, Andrew Pallito,
Peter Danles, Vermont State
Parole Board,

      Respondents.

**REPORT AND RECOMMENDATION**
(Docs. 1, 2 and 3)

      Petitioner Duyen V. Nguyen, a state inmate proceeding *pro se*, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §§ 2241 and 2254.  Nguyen asserts that he is currently serving a state sentence, but that he has been denied early release because of a pending immigration detainer.  The respondents to the petition are Commissioner Andrew Pallito of the Vermont Department of Corrections, the Vermont State Parole Board, Vermont Parole Board Director Peter Danles (collectively "State Respondents"), and U.S. Immigration and Customs Enforcement ("ICE").

      The petition is opposed by both the State Respondents and, in a separate filing, ICE.  The State Respondents argue that Nguyen has failed to exhaust his state court remedies.  ICE contends (1) that it is not a proper respondent because it is not Nguyen's custodian, (2) that the case is moot because the detainer has been withdrawn, and (3) that

the detainer does not constitute custody. For reasons set forth more fully below, I recommend that the court DISMISS the petition as moot in light of the fact that the detainer has been withdrawn.

## Factual Background

Nguyen claims that his father was a member of the American military stationed in South Vietnam. His mother is of Vietnamese descent. (Doc. 1 at 3.) Nguyen has reportedly lived in the United States since 1993. (Doc. 1-1 at 4.)

Nguyen's criminal history dates back to May 7, 2001, at which time he was charged by the State of Vermont with misdemeanor domestic assault. He pled *nolo contendere* to an amended charge of simple assault, was sentenced to four to eight months in prison, all suspended, and was ordered to cease abuse and harassment of his victim. In January 2002, he pled guilty to DWI first offense and was given a suspended sentence of four to twelve months. He was placed on probation in both instances.

On April 8, 2002, Nguyen was charged with violating his probation. After admitting to the charge, he was placed on probation with special conditions. In January 2003, he pled guilty to violating the relief from abuse order, and received another suspended sentence of four to twelve months.

On August 10, 2003, Nguyen was charged with felony attempted second degree murder and with violating his probation. After failing to post bail, he was incarcerated at the Chittenden Regional Correctional Facility ("CRCF"). On August 12, 2003, ICE issued an "Immigration Detainer - Notice of Action" to CRCF, advising Vermont officials that an investigation had begun to determine whether Nguyen was subject to

removal from the United States.  The detainer also required the State to notify immigration officials prior to Nguyen's release from State custody.  According to an affidavit submitted by ICE Deportation Officer David Reilly, the detainer was issued as a result of Nguyen's conviction for violating the relief from abuse order.  (Doc. 7-5, Reilly Aff. ¶ 3.)

On August 3, 2004, the State amended the charge of second degree murder to felony unlawful mischief and six counts of misdemeanor simple assault.  Nguyen pled *nolo contedere* to each of the amended charges.  He was subsequently sentenced to eighteen to sixty months for the unlawful mischief offense, and consecutive sentences of up to eleven months on the simple assaults.  Also on August 3, 2004, Nguyen's conviction for violating the relief from abuse order was vacated, and the charge was amended to misdemeanor simple assault.

Nguyen was notified of the INS detainer in September 2006.  After learning of the detainer, he wrote to the ICE office in St. Albans, Vermont and expressed his desire to remain in the United States.  In November 2007, he was informed by the Vermont Department of Corrections ("DOC") that the detainer rendered him ineligible for pre-release programming.  Specifically, the notice informed Nguyen that he was ineligible because "you have an INS detainer which means you will max out your Vermont sentence and then be transferred to the INS detainer."  (Doc. 1-1 at 6.)[1]

---

[1] The Immigration and Naturalization Service ("INS") no longer exists, and its functions have been assumed by ICE pursuant to the Homeland Security Act of 2002.  *See* 6 U.S.C. §§ 202(3), 251.

3

In 2008 and 2009, Nguyen continued to write to ICE officials. His letters explained that his minimum prison term was set to expire in July 2009, but that he would be denied parole because he had not completed the required programming, for which he was ineligible due to the pending detainer. "The INS detainer is only prolonging the inevitable, my custody being transferred from the Vermont Department of Corrections to that of INS." (*Id.* at 11.)

In June 2009, a DOC Case Manager wrote to Nguyen and informed him that she had spoken with her DOC supervisors and an INS agent about the possibility of a parole recommendation, and had been "advised . . . that the United States does not have a repatriation agreement with Vietnam; thus, I am not recommending you for parole for your INS detainer." (*Id.* at 17.) A parole hearing was held on June 26, 2009, and parole was denied because "no reciprocal parole supervision agreement exists with Vietnam." (*Id.* at 29.) Nguyen filed his petition for writ of habeas corpus on May 28, 2010.

ICE Deportation Officer Reilly's affidavit explains that in preparing a response to Nguyen's petition, he discovered that Nguyen's conviction for violation of an abuse prevention order had been amended to a charge of simple assault. "Accordingly, on Tuesday, July 6, 2010, I cancelled the detainer by noting the cancellation on the detainer notice and faxing a copy of that cancellation to Ray Flum at the Vermont Department of Corrections in Waterbury, Vermont." (Doc. 7-5 at 2.) There is no suggestion in the record of a subsequent detainer being issued for Nguyen with respect to any other charge or conviction.

## Discussion

Nguyen challenges the validity of the detainer, arguing that he is a United States citizen. He also challenges the fact that his continued incarceration by the DOC is based upon the existence of the detainer. He makes clear that he is not "challenging any final order of removal, but instead . . . detention prior to the issuance of any such order . . . ." (Doc. 1 at 3.) Finally, he asserts generally that his detention pending removal is unconstitutional, and that he "is being denied all procedures that would be entitled to him by law . . . ." (*Id.* at 4.)

ICE argues, *inter alia*, that the petition is moot because the detainer no longer exists. Indeed, the detainer has been withdrawn, and the DOC has been notified of the withdrawal.

Under Article III of the Constitution, this court may only exercise jurisdiction over a case that presents a "live case or controversy." A case becomes moot when the parties no longer have a legally cognizable interest in the outcome of the case. *See Murphy v. Hunt*, 455 U.S. 478, 481 (1982). "Specifically, under the 'general rule' of mootness, courts' subject matter jurisdiction ceases when an event occurs during the course of the proceedings or on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party." *County of Suffolk, N.Y. v. Sebelius*, 605 F.3d 135, 140 (2d Cir. 2010) (internal quotation marks and citations omitted).

Nguyen's petition is premised upon the existence of a detainer. He claims that the detainer is unlawful, and that he is being forced to serve out his maximum state sentence purely because it is pending. Now that the detainer has been withdrawn, there is no relief

this court can offer with respect to its effect on Nguyen's incarceration status.  The petition is therefore moot.  *See Beachem v. Schriro*, 141 F.3d 1292, 1293-94 (8th Cir. 1998) (challenge to detainer is moot once detainer removed); *see also Carney v. Clark*, 172 F.3d 52 (7th Cir. 1999) (holding that an Interstate Agreement on Detainers Act claim becomes moot when the detainer is executed and the prisoner is extradited); *O'Neil v. Arkansas*, 2007 WL 2206863, at *3 (W.D. Ark. July 30, 2007).

There is an exception to the mootness rule for cases that are "capable of repetition, yet evading review." *Murphy v. Hunt*, 455 U.S. 478, 482 (1982).  A claim is "capable of repetition, yet evading review" only where "there is a reasonable expectation that the same complaining party will be subject to the same action again." *Spencer v. Kemna*, 523 U.S. 1, 17 (1998).  Here, there is no reason to believe that Nguyen will again be subject to a detainer that impacts his eligibility for programming or parole.   I therefore recommend that the court deny his petition as moot.

Because the petition is moot, the court lacks jurisdiction over the subject matter of the case, *County of Suffolk*, 605 F.3d at 140, and dismissal should be without prejudice.

## Conclusion

For the reasons set forth above, I recommend that Nguyen's petition for writ of habeas corpus (Doc. 1) be DENIED, that his motions for appointment of counsel (Doc. 2 and 3) be DENIED as moot, and that this case be DISMISSED without prejudice.

Dated at Burlington, in the District of Vermont, this 29th day of October, 2010.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within fourteen days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2), 6(a), 6(d); L.R. 72(c).  Failure to timely file such objections operates as a waiver of the right to appellate review of the District Court's adoption of such Report and Recommendation.  *See* Fed. R. Civ. P. 72(a); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).